UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

Techne Corporation and Research and Diagnostic Systems, Inc.,

Plaintiffs,

v.

Amgen Inc.,

Defendant.

Amgen Inc.,

Counterclaimant,

v.

Techne Corporation and Research and Diagnostic Systems, Inc.,

Counterdefendants.

Court File No. 00-2157 DWF/AJB

**STIPULATION TO FILE FIRST AMENDED REPLY TO COUNTERCLAIM** & ORDER.

IT IS HEREBY STIPULATED AND AGREED by and between the parties hereto, through their respective counsel, that plaintiffs' Reply to Counterclaim in the above-entitled action may be amended by service of the proposed First Amended Reply to Counterclaim upon counsel for the defendant. The proposed First Amended Reply to Counterclaim is attached hereto as Exhibit A.

It is further agreed that this stipulation does not limit in any way the rights of Amgen Inc. to oppose any future motion or request by plaintiffs to amend further their

DEC 13 2000

reply to Amgen's Counterclaim, including but not limited to any motion to amend to include a defense of unilateral or mutual mistake.

Dated: December 12, 2000

FRUTH & ANTHONY, P.A.

By: [signature]
Joseph W. Anthony #2872
Nathan P. Brenna #275980
3750 IDS Center
80 South Eight Street
Minneapolis, MN 55402
Tel.: (612) 349-6969

**ATTORNEYS FOR PLAINTIFFS**

Dated: December 12, 2000

LARSON · KING, LLP

By: [signature]
Douglas L. Skor (No. 101941)
1500 Landmark Towers
345 St. Peter Street
St. Paul, Minnesota 55102
Tel.: (651) 312-6500

LATHAM & WATKINS

Robert A. Long
Belinda S. Lee
633 West Fifth Street, Suite 4000
Los Angeles, California 90071

Tel.: (213) 485-1234

**ATTORNEYS FOR DEFENDANT AND COUNTERCLAIMANT AMGEN INC.**

So Ordered.
[signature]
12/12/01

lk_library:23632.1

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Court File No. 00-2157 D.F./AJB

Techne Corporation and Research and Diagnostic Systems, Inc.,

Plaintiffs,

v.

Amgen Inc.,

Defendant.

**FIRST AMENDED REPLY TO COUNTERCLAIM**

**JURY TRIAL DEMANDED**

Plaintiffs Techne Corporation and Research and Diagnostic Systems, Inc., for their First Amended Reply to defendant Amgen Inc.'s counterclaim, state as follows:

1. Plaintiffs admit the allegations of paragraph 1 of the counterclaim.

2. Plaintiffs admit the allegations of paragraph 2 of the counterclaim.

3. Plaintiffs admit the allegations of paragraph 3 of the counterclaim.

4. Plaintiffs admit the allegations of paragraph 4 of the counterclaim.

5. Plaintiffs admit the allegations of paragraph 5 of the counterclaim.

6. In response to paragraph 6 of the counterclaim, plaintiffs admit that they signed the Supply Agreement, the terms of which are stated therein. Further, plaintiffs deny that the Supply Agreement exclusively governs their relationship with Amgen or the shipments of EPO. Further, plaintiffs deny any allegations to the extent that they mischaracterize or are inconsistent with the understandings and course of dealing between the parties and hereby incorporate by reference the allegations set forth in their Complaint.

7. In response to paragraph 7 of the counterclaim, plaintiffs state that the Supply Agreement is a written contract, the terms of which are stated therein. Further, plaintiffs deny

**EXHIBIT A**

that the Supply Agreement exclusively governs their relationship with Amgen or the shipments of EPO. Further, plaintiffs deny any allegations to the extent that they mischaracterize or are inconsistent with the understandings and course of dealing between the parties and hereby incorporate by reference the allegations set forth in their Complaint.

8. In response to paragraph 8 of the counterclaim, plaintiffs state that the Supply Agreement is a written contract, the terms of which are stated therein. Plaintiffs deny that the Supply Agreement exclusively governs their relationship with Amgen or the shipments of EPO. Further, plaintiffs deny any allegations to the extent that they mischaracterize or are inconsistent with the understandings and course of dealing between the parties, and hereby incorporate by reference the allegations set forth in their Complaint.

9. In response to paragraph 9 of the counterclaim, in light of Amgen's October 18, 2000 Credit Memo, plaintiffs are without sufficient information to form a belief as to the truth or accuracy of the allegations and therefore deny the same.

10. In response to paragraph 10 of the counterclaim, in light of Amgen's October 18, 2000 Credit Memo, plaintiffs are without sufficient information to form a belief as to the truth or accuracy of the allegations and therefore deny the same.

11. In response to paragraph 11 of the counterclaim, plaintiffs admit that defendant sent two invoices which purported to charge R&D for the EPO shipped in April 1998 and November 1999, and that the invoices, in the amount of $13,060,630.80 and $18,872,519.40, specified the price stated in the Supply Agreement.

12. In response to paragraph 12, plaintiffs admit that R&D has not paid the amounts stated in the invoices. Plaintiffs further allege that no amounts are due under the invoices.

13. Plaintiffs are without sufficient information to form a belief as to the truth or accuracy of the allegations of paragraph 13 and therefore deny the same.

14. Plaintiffs are without sufficient information to form a belief as to the truth of the first sentence of paragraph 14. Plaintiffs admit the allegations of the second sentence of paragraph 14. Plaintiffs admit that Amgen forwarded a document entitled "Credit Memo" purporting to reduce the total amount due under Invoice RD-1998 by $3,972,071.25.

15. Plaintiffs deny the allegations of paragraph 15.

16. In response to paragraph 16 of the counterclaim, plaintiffs state that the Supply Agreement is a written contract, the terms of which are stated therein. Plaintiffs deny that the Supply Agreement exclusively governs their relationship with Amgen or the shipments of EPO. Further, plaintiffs deny any allegations to the extent that they mischaracterize or are inconsistent with the understandings and course of dealing between the parties and hereby incorporate by reference the allegations set forth in their Complaint.

17. Plaintiffs deny the allegations of paragraph 17.

18. Plaintiffs restate and incorporate by reference their responses in paragraphs 1 through 17 as though fully set forth herein.

19. Plaintiffs admit the allegations of paragraph 19 of the counterclaim and allege that the actual controversy that has arisen and now exists is more fully specified in plaintiffs' Complaint.

20. In response to paragraph 20 of the counterclaim, plaintiffs admit that there is a controversy between the parties and that the amounts being claimed as owed by Amgen are not owed for the reasons and based on the facts more fully set forth in plaintiffs' Complaint. Plaintiffs deny the remaining allegations of paragraph 20.

21. Plaintiffs admit that defendant makes the claims stated in paragraph 21 of the counterclaim. Plaintiffs deny the claims stated in paragraph 21.

22. In response to paragraph 22, plaintiffs admit that defendant seeks a declaratory judgment.

23. PLAINTIFFS DEMAND A TRIAL BY JURY FOR ALL ISSUES.

## AFFIRMATIVE DEFENSES

24. Defendant's counterclaim is barred by the doctrine of waiver.

25. Defendant's counterclaim is barred by the doctrine of estoppel.

26. Defendant's counterclaim is barred by the doctrine of laches.

27. Defendant's counterclaim is barred by the doctrine of unclean hands.

WHEREFORE, plaintiffs pray for judgment against defendant as follows:

1. That the counterclaim be dismissed with prejudice.

2. That plaintiffs be awarded their costs incurred herein, together with reasonable attorneys fees as allowed by law, pre- and post-judgment interest, and such other and further relief as the court may deem just and equitable.

FRUTH & ANTHONY, P.A.

Dated: December ____, 2000

By: ______________________________

Joseph W. Anthony (#2872)
Nathan P. Brenna (#275980)
3750 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 349-6969

ATTORNEYS FOR PLAINTIFFS