**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

Techne Corporation and Research and Diagnostic Systems, Inc.,

Plaintiffs,

v.

Amgen Inc.,

Defendant.

Court File No. 00-2157 DWF/AJB

**PROTECTIVE ORDER**

---

Amgen Inc.,

Counterclaimant,

v.

Techne Corporation and Research and Diagnostic Systems, Inc.,

Counterdefendants.

---

WHEREAS, pursuant to Federal Rule of Civil Procedure 26, and it appearing that discovery in the above-entitled action could and will involve the disclosure of confidential research, development or commercial information or other trade secrets;

Plaintiffs and Counterdefendants Techne Corporation ("Techne") and Research and Diagnostics Systems, Inc. ("R&D") (collectively "Plaintiffs") and Defendant and Counterclaimant Amgen Inc. ("Amgen"), by and through their respective undersigned counsel, hereby STIPULATE and AGREE to the request for, and entry of, the following Protective Order to govern the parties' disclosure of such information:

FILED FEB 16 2001

1. This Protective Order governs the designation, disclosure and use of Protected Information, as defined in Paragraph 2 herein, by the parties in this action. This Order shall have retroactive effect and shall govern any Protected Information designated, disclosed or used by the parties in this action prior to, and in anticipation of, the entry of this Order. This Order shall govern such matters until superseded or amended by a further order of this Court.

2. The term "Protected Information" shall mean all or any part of a document, testimony, interrogatory answer, admission or other form of evidence or discovery designated as protected by a party pursuant to this Order. Any such Protected Information produced by any party or nonparty as part of discovery in this action may be designated under the terms of this Protective Order by such party or nonparty by marking or identifying such information as "CONFIDENTIAL," as set forth in Paragraph 5 herein.

3. A party may designate any Protected Information that such party believes in good faith constitutes or embodies matters used in or pertaining to its business, not generally known outside the business, and not normally revealed to third parties without a confidentiality agreement.

4. As a general guideline, information or materials designated as Protected Information shall be those things that may be disclosed to the parties for the purposes of the litigation, but which must be protected against disclosure to third parties. The substance or contents of any Protected Information, as well as any notes, abstracts, copies, summaries, and/or memoranda relating thereto shall not be disclosed to anyone other than a person entitled to obtain Protected Information pursuant to this Protective Order. Absent a specific order by this Court, once designated as Protected Information, such Protected Information shall be used by the parties solely in connection with this litigation, and not for any business, competitive, or governmental

purpose or function, and such information shall not be disclosed to anyone except as provided herein.

5. The designation of information or material as Protected Information for purposes of this Protective Order shall be made in the following manner by the party or nonparty seeking protection:

(1) In the case of documents, exhibits, briefs, memoranda, interrogatory responses, responses to requests for admission, or other materials (apart from depositions or other pretrial or trial testimony): By affixing the legend "CONFIDENTIAL" to at least the first page of any document containing any confidential information or material at the time such documents are produced or such information is disclosed, or as soon thereafter as the party or nonparty seeking protection becomes aware of the confidential nature of the information or material disclosed and sought to be protected hereunder; and

(2) In the case of depositions: (i) By a statement on the record, by counsel, that the entire transcript or a portion thereof shall be designated as Protected Information and that the legend "CONFIDENTIAL" shall be affixed to the first page of such transcript or portion thereof; or (ii) By written notice of such designation sent by counsel to all parties within thirty (30) days after the mailing to counsel of the transcript of the deposition. During a deposition, the deponent or his counsel, or any other counsel of record present at the deposition, may invoke the provisions of this Protective Order in a timely manner, giving adequate warning to

counsel for the party or nonparty that testimony about to be given is deemed Protected Information and marked as "CONFIDENTIAL." The parties shall treat all deposition testimony as Protected Information hereunder until the expiration of thirty (30) days after the mailing to counsel of the transcript of the deposition. Unless so designated, any confidentiality is waived after the expiration of the 30-day period unless otherwise stipulated or ordered. The parties may modify this procedure for any particular deposition or proceeding through agreement on the record at such deposition or proceeding or otherwise by written stipulation, without further order of the Court. If any document or information designated as Protected Information is used during the course of a deposition, that portion of the deposition record reflecting such confidential information shall be sealed and stamped with the designated degree of confidentiality, and access thereto shall be limited pursuant to the other terms of this Protective Order.

6. Information or material designated as Protected Information or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

(1) Any attorney, whether retained or in-house, representing a party in this action and any regular and temporary employees of such counsel to whom it is necessary that the information or material be shown for the purposes of this litigation;

(2) Employees of the parties whose assistance is needed by counsel for the purposes of this litigation;

(3) Former employees of the parties whose assistance is needed by counsel for the purposes of this litigation, subject to and conditioned upon compliance with Paragraphs 7 and 10 herein;

(4) Directors of the parties whose assistance is needed by counsel for purposes of this litigation, subject to and conditioned upon compliance with Paragraph 10 herein;

(5) Consultants as defined in Paragraph 8 herein, subject to and conditioned upon compliance with Paragraph 10 herein and provided that the producing party may object to a consultant and move to deny a consultant access to Protected Information as set forth in Paragraphs 8 and 9 herein;

(6) Any person examined as a witness at trial or during a deposition pursuant to Paragraph 11 herein;

(7) Any personnel of the Court and court reporters or videographers retained to record or transcribe testimony in this action;

(8) Graphics or design services retained by counsel for a party for purposes of preparing demonstrative or other exhibits for deposition, trial or other court proceedings in this action, subject to and conditioned upon compliance with Paragraph 10 herein;

(9) Non-technical jury or trial consulting services retained by counsel for a party, subject to and conditioned upon compliance with Paragraph 10 herein;

(10) Personnel of photocopy firms who subscribe to and agree to be bound by the terms of this Protective Order, subject to and conditioned upon compliance with Paragraph 10 herein; and

(11) Any other person only upon order of the Court or upon written consent of the party producing the confidential information or material.

7. For purposes of Paragraph 6(3) herein, a former employee may be given access only to Protected Information which that person had lawfully received, authored or would have had knowledge of during the normal course of his/her employment, as limited and defined by his/her official job functions, prior to and apart from this action.

8. For purposes of Paragraph 6(5) herein, a consultant shall be defined as a person who is neither an employee of a party nor anticipated to become an employee in the near future, and who is retained or employed as a bona fide consultant or expert for purposes of this litigation, whether full or part time, by or at the direction of counsel for a party. A consultant may be given access to information or material designated as Protected Information, provided that he/she first confirm his/her understanding and agreement to abide by the terms of this Protective Order by completing and signing a copy of an undertaking in the form attached hereto as Exhibit A and a copy of the signed undertaking and the consultant's curriculum vitae is mailed (via overnight delivery) to counsel for the other party, provided that the other party has not objected by moving the Court within ten (10) days after mailing (via overnight delivery) of the signed undertaking. If the other party objects to the consultant by moving the Court pursuant to Paragraph 9 herein, the consultant shall not have access to Protected Information until the matter is finally determined by the Court. The objecting party shall make a good faith effort to have the matter promptly determined by the Court, including but not limited to by setting the matter for

hearing within twenty (20) days of the filing of the objecting party's motion or as soon thereafter as the Court may hear the matter.

9. Within ten (10) days after mailing (via overnight delivery) of the consultant's signed undertaking, as required by Paragraph 8 herein, the other party may object by moving the Court for an order that access to Protected Information be denied to that consultant if facts available to the objecting party give it reason to believe that there is a reasonable likelihood that the consultant may use Protected Information for purposes other than the preparation or trial of this case. If upon final determination by the Court, it is determined that there is no reasonable likelihood that the consultant will use Protected Information for purposes other than the preparation or trial of this case, the objecting party shall pay the reasonable litigation costs and attorneys' fees incurred by the non-objecting party in opposing this motion. Failure to file a motion within this period shall constitute waiver of the initial objection, but shall not preclude a party from objecting to continued access to Protected Information where facts suggesting a basis for objection are subsequently learned by the party or its counsel.

10. All persons listed in Paragraphs 6(3), 6(4), 6(5), 6(8), 6(9), and 6(10) herein may be given access to information or material designated as Protected Information, provided that they first confirm their understanding and agreement to abide by the terms of this Protective Order by completing and signing a copy of an undertaking in the form attached hereto as Exhibit A.

11. All persons listed in Paragraph 6(6) herein may be given access to information or material designated as Protected Information, provided that the examining party makes a reasonable effort to inform the witness of the terms of this Protective Order and to obtain an

agreement by the person to abide by the terms of this Protective Order by completing and signing a copy of an undertaking in the form attached hereto as Exhibit A.

12. Counsel of record for each party shall maintain the original signed acknowledgments. A party producing Protected Information shall be entitled to obtain the acknowledgement forms set forth above upon a showing of good cause, such as a suspected misuse of Protected Information. The producing party shall advise counsel of record of the general nature of the good faith basis for the need to obtain the acknowledgments. Within ten (10) days after said request, counsel of record possessing the acknowledgements shall either provide copies of the acknowledgements to the producing party, or, alternatively, deposit the acknowledgments with the Court. If the acknowledgments are deposited with the Court, the producing party may move the Court of an order entitling it to obtain the acknowledgments.

13. When any Protected Information, or any pleadings, memoranda or other papers containing Protected Information, is lodged or filed with the Court, it shall be delivered in a sealed envelope to the Clerk of the Court with a statement substantially in the following form:

**CONFIDENTIAL**

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER ISSUED BY THE COURT. THIS ENVELOPE IS NOT TO BE OPENED NOR ARE THE CONTENTS TO BE EXAMINED, DISPLAYED, REVEALED, OR COPIED EXCEPT IN COMPLIANCE WITH THE PROTECTIVE ORDER OR OTHER ORDER OF THE COURT.

United States District Court
District of Minnesota
Techne Corp. et al. v. Amgen Inc., and related counterclaims
Civil Action No. 00-2157 DWF/AJB

14. A party may challenge the other party's designation of Protected Information by serving a written objection upon the producing party. The producing party shall notify the challenging party in writing of the bases for the asserted designation within ten (10) days after receiving any written objection. The parties shall confer in good faith as to the validity of the

designation within ten (10) days after the challenging party has received the notice of the bases for the asserted designation. To the extent the parties are unable to reach an agreement as to the designation, the producing party shall make an appropriate application to this Court within fifteen (15) days after conferring with the objecting party, with confidential portions thereof to be kept under seal, requesting that specifically identified documents, information, and/or deposition testimony be included within the provisions of this Protective Order. Until a dispute over the asserted designation is finally resolved by the parties or the Court, all parties and persons shall treat the information or materials in question as Protected Information.

15. All Protected Information covered by this Protective Order shall be kept in secure facilities, and access to those facilities shall be permitted only to those designated persons set forth in Paragraph 6 herein as persons properly having access thereto. The parties agree that the law offices of Fruth & Anthony, Larson • King LLP, and Latham & Watkins shall be considered secure facilities.

16. Entering into, agreeing to, and/or producing or receiving Protected Information, or otherwise complying with the terms of this Protective Order shall not:

(1) Prejudice in any way the rights of the parties to use Protected Information at trial;

(2) Operate as an admission by any party that any particular Protected Information contain or reflect trade secrets, proprietary or commercially sensitive information, or any other type of confidential information;

(3) Prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery;

(4) Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Protective Order;

(5) Prejudice in any way the rights of a party to seek a determination by the Court whether any information or material should be subject to the terms of this Protective Order;

(6) Prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly confidential information; or

(7) Prevent the parties to this Protective Order from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

17. This Protective Order has no effect upon, and shall not apply to, a party's use or disclosure of its own confidential information for any purpose. Nothing contained herein shall impose any restrictions on the use or disclosure by a party of Protected Information obtained lawfully by such party independently of any proceedings in this action, or which: (1) Was already known to such party by lawful means prior to acquisition from, or disclosure by, another party in this action; (2) Is or becomes publicly known through no fault or act of such party; or (3) Is rightfully received by such party from a third party which has authority to provide such information or material and without restriction as to disclosure.

18. In the event that information that is in the possession or control of a party involves the confidentiality rights of a non-party or its disclosure would violate a Protective Order issued in another action, the party with possession or control of the information will

attempt to obtain the consent of the non-party to disclose the information under this Order. If the consent of the non-party cannot be obtained, the party will notify the party seeking discovery of: (1) The existence of the information without producing such information; and (2) The identity of the non-party (provided, however, that such disclosure of the identity of the non-party does not violate any confidentiality obligations). The party seeking discovery may then make further application to the non-party or seek other means to obtain such information.

19. If a party inadvertently produces Protected Information without marking it as such, it may be disclosed to others until the receiving party becomes aware of the error, unless it appears from the face of the document or it is otherwise known that the information contains non-public, confidential, proprietary, commercially sensitive, or trade secret information of the producing party. As soon as the producing party informs the receiving party of the inadvertent production, the information must be treated as if it had been timely designated under this Protective Order, and the receiving party must endeavor in good faith to obtain all copies of the document which it distributed or disclosed to persons not authorized to access such information by Paragraph 6, as well as any copies made by such persons.

20. The terms of this Protective Order shall apply to all manner and means of discovery, including entry onto land or premises, and inspection of books, records, documents, and tangible things.

21. The provisions of this Protective Order shall, absent written permission of the producing party or further order of the Court, continue to be binding throughout and after the conclusion of this action, including without limitation any appeals therefrom, and this Court shall retain jurisdiction for enforcement of this Order. Within sixty (60) days after receiving notice of the entry of an order, judgment or decree finally disposing of this action, including any appeals

therefrom, all persons having received Protected Information hereunder shall return such material and all copies thereof (including summaries and excerpts) to counsel for the producing party, or shall certify destruction thereof. Counsel described in Paragraph 6(1) herein shall be entitled to retain court papers, deposition and trial transcripts and attorney work product (including court papers, transcripts, and attorney work product that contain Protected Information) provided that such counsel, and employees of such counsel, shall not disclose any such Protected Information contained in such court papers, transcripts, or attorney work product to any person or entity except pursuant to a written agreement with the producing party of the information or material. All materials returned to the parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph.

22. If any party: (1) Is subpoenaed in another action; (2) Is served with a demand in another action to which it is a party; or (3) Is served with any other legal process by one not a party to this action, seeking information or material which was produced or designated as Protected Information by someone other than that party, the party shall give prompt actual written notification, by hand or facsimile transmission, within ten (10) days of receipt of such subpoena, demand or legal process, to those who produced or designated the Protected Information and shall object to its production to the extent permitted by law. Should the person seeking access to the information or material take action against the party or anyone else covered by this Protective Order to enforce such a subpoena, demand or other legal process, the party shall respond by setting forth the existence of this Protective Order. Nothing herein shall be construed as requiring the party or anyone else covered by this Protective Order to challenge or appeal any order requiring production of information or material covered by this Protective

Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

23. The parties agree this Protective Order shall have retroactive effect and that all documents produced by the parties and marked with the legend "CONFIDENTIAL," as described in Paragraph 5 herein, prior to the entry of this Order shall be treated as Protected Information and shall be protected against disclosure hereinafter in accordance with this Protective Order.

24. The parties agree to be bound by the terms of this Protective Order pending its entry by the Court, or pending the entry of an alternative thereto which is satisfactory to all parties, and any violation of its terms shall be subject to the same sanctions and penalties as if the Protective Order had been entered by the Court.

Dated: February 9, 2001

FRUTH & ANTHONY, P.A.

By: ______________________
Joseph W. Anthony (#2872)
Nathan P. Brenna (#275980)
3750 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 349-6969

ATTORNEYS FOR PLAINTIFFS AND COUNTERDEFENDANTS TECHNE CORPORATION AND RESEARCH AND DIAGNOSTIC SYSTEMS, INC.

Dated: February 8, 2001

LARSON · KING, LLP

By: ______________________
Douglas L. Skor (#101941)
1500 Landmark Towers
345 St. Peter Street
St. Paul, MN 55102-1211
(651) 312-6500

LATHAM & WATKINS
Robert A. Long
Belinda S. Lee
633 West Fifth Street, Suite 4000
Los Angeles, CA 90071
(213) 485-1234

ATTORNEYS FOR DEFENDANT AND COUNTERCLAIMANT AMGEN INC.

**ORDER**

PURSUANT TO THE PARTIES' STIPULATION, IT IS SO ORDERED.

Dated: 2/15, 2001

______________________
Arthur J. Boylan
United States Magistrate Judge

**[EXHIBIT A TO THE PROTECTIVE ORDER]**

**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Techne Corporation and Research and Diagnostic Systems, Inc.,<br><br>Plaintiffs,<br><br>v.<br><br>Amgen Inc.,<br><br>Defendant. | Court File No. 00-2157 DWF/AJB<br><br>**ACKNOWLEDGMENT OF PROTECTIVE ORDER** |
| Amgen Inc.,<br><br>Counterclaimant,<br><br>v.<br><br>Techne Corporation and Research and Diagnostic Systems, Inc.,<br><br>Counterdefendants. | |

1. My full name is ______________________________.

2. My address is ______________________________.

3. My present employer is ______________________________.

4. My present occupation or job description is ______________________________

______________________________.

5. I have received a copy of the Protective Order entered in the above-captioned action. I have carefully read and understand the provisions of the Protective Order. I will comply with all of the provisions of the Protective Order.

6. I will not disclose any Protected Information to anyone not identified in Paragraph 6 of the Protective Order. I will use such information only with respect to this action.

7. I will return all Protected Information that comes into my possession, and all documents or things which I have prepared relating to such information, to an attorney representing the party that has employed or retained me.

8. I submit to the jurisdiction of the above-listed Court for the purpose of enforcement of this Protective Order.

By ___________________________________

DATED this ____ day of ____________________, 2001

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

**Clerks Notice In Re: Protective Order**

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing confidential original documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.