**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

Techne Corporation and Research and Diagnostic Systems, Inc.,

Civil No. 00-2157 DWF/AJB

Plaintiff,

v.

**ORDER ON MOTION TO COMPEL DISCOVERY**

Amgen, Inc.,

Defendant.

This matter is before the Court, Magistrate Judge Arthur J. Boylan, on plaintiff's motion to compel discovery [Docket No. 15]. Hearing was held on March 1, 2001, at the U.S. Courthouse, 316 No. Robert St., St. Paul MN 55101. Joseph W. Anthony, Esq., appeared on behalf of the plaintiff. Robert A. Long, Esq., appeared on behalf of the defendant.

Based upon the file and documents contained therein, along with memorandums, exhibits and arguments of counsel, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion to compel discovery is **granted in part and denied in part** [Docket No. 15].

2. Plaintiff's request for production of documents pursuant to Request No. 8 is granted. Defendant shall produce documents relating to tests and analyses performed on all EPO sent to defendant pursuant to the Supply Agreement executed in 1991, including tests performed on EPO which was shipped prior to 1998. The material is relevant to performance under the contract pursuant to which defendant herein seeks recovery. Defendant shall prepare and

MAR 21 2001
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD.
DEPUTY CLERK

produce a privilege log identifying documents responsive to this request which are being withheld on the basis of attorney–client privilege.

3. Plaintiff's request for production of documents pursuant to Request No. 9 is granted. The motion seeks production of documents specifically relating to the specific EPO sales invoices on which the defendant Amgen now seeks payment. Defendant represents that all responsive material has been produced. Defendant shall certify that reasonable search for documents was conducted and shall describe the search undertaken. Defendant shall prepare and produce a privilege log identifying documents responsive to this request which are being withheld.

4. Plaintiff's request for production of documents pursuant to Request No. 10 is granted. The motion seeks production of documents relating to the particular EPO sales invoices on which the defendant Amgen now seeks payment, specifically documents relating to defendant's decision to issue the invoices at issue. Defendant represents that all responsive material has been produced. Defendant shall certify that reasonable search for documents was conducted and shall describe the search undertaken. Defendant shall prepare and produce a privilege log identifying documents responsive to this request which are being withheld.

5. Plaintiff's request for production of documents pursuant to Request No. 11 is granted. Plaintiff seeks production of defendant's internal accounting records for sales of EPO to the plaintiff. The discovery seeks material that is relevant or is reasonably calculated to lead to discovery of information admissible on issues of waiver and estoppel.

6. Plaintiff's request for production of documents pursuant to Request No. 12 is granted. Plaintiff herein seeks production of defendant's internal accounting records relating to

reserves against revenue recorded in connection with the particular invoices for sale of EPO on which defendant now seeks payment. The discovery seeks material that is relevant or is reasonably calculated to lead to discovery of information admissible on issues of waiver and estoppel.

7. Plaintiff's request for production of documents pursuant to Request No. 13 is granted. This discovery seeks evidence relating to the pricing of EPO. Defendant contends that the request is improperly premised upon an argumentative assertion; the responsive documents were produced as initial disclosures; and the request seeks irrelevant information. Defendant shall produce any additional documents responsive to this request and shall prepare and produce a privilege log identifying documents otherwise responsive to this request which may be withheld.

8. Plaintiff's request for production of documents pursuant to Request No. 14 is denied. Plaintiff seeks documents relating to pricing of EPO for sale in therapeutic, research, and diagnostic markets. Defendant states that production was made with respect to research and diagnostic markets, and asserts that documents relating to the therapeutic market are not relevant to this action. Plaintiff has generally represented that it has relinquished its request to obtain information relating to the therapeutic market,[1] but this discovery withdrawal was not directly made in reference to request No. 14. The Court is persuaded that discovery on pricing with respect to research and diagnostic markets is appropriate, but plaintiff has not shown that pricing with respect to therapeutic markets is relevant or that the discovery is calculated to lead to

---

[1] Plaintiff's Memorandum in Support of their Motion to Compel, footnote 8, page13; footnote 10, page 14.

discovery of admissible evidence. With regard to production of documents relating to the research market, the motion is moot.

9. Plaintiff's request for production of documents pursuant to Request No. 15 is granted. Plaintiff seeks documents relating to the cost of manufacturing EPO. The motion seeks production of documents that are relevant on issues of waiver and estoppel and the discovery is reasonably calculated to lead to discovery of admissible information. Defendant is not required to produce documents relevant to the therapeutic market only.

10. Plaintiff's request for production of documents pursuant to Request No. 16 is granted. Plaintiff requests documents which evidence situations and circumstances in which defendant provided free EPO to other parties for research purposes. The Court finds that the discovery is reasonably calculated to lead to discovery of admissible information. Responsive documents, including materials which identify third party procurers of EPO, shall be produced. Defendant is not required to produce documents or identifications relating to the therapeutic market only.

11. Plaintiff's request for production of documents pursuant to Request No. 19 is granted. Plaintiff's herein request evidence relating to the initial sale of the Biological and Daignostics Businesses, including business valuations, profit from sale of the businesses, and anticipated future sales of EPO. The motion seeks production of documents that are relevant on issues of waiver and estoppel and the discovery is reasonably calculated to lead to discovery of admissible information.

12. Plaintiff's request for production of documents pursuant to Request No. 21 is denied as moot. Plaintiff's motion seeks production of notes, memoranda, reports, minutes and

other documents relating to transfer of technologies and property under the Purchase and Sale and Supply Agreements. Defendant asserts that information relating to other technologies is not relevant in this case and with respect to EPO technologies it has refused to produce only non-privileged, non-relevant materials and has produced all other documents. The Court agrees that disclosures in response to this request shall be limited to those relating to EPO technology. Defendant shall prepare and produce a privilege log identifying documents otherwise responsive to this request which may be withheld on the basis of privilege.

13. Plaintiff's request for production of documents pursuant to Request No. 23 is granted. Request No. 23 seeks documents relating to the financial benefit realized from the sale of the business pursuant to the Purchase and Sale and Supply Agreements. The motion seeks production of documents that are relevant on issues of waiver and estoppel and the discovery is reasonably calculated to lead to discovery of admissible information.

14. Plaintiff's request for production of documents pursuant to Request No. 24 is granted. Plaintiff's request documents relating to procedures and instructions for implementation of technologies and property which are subject of the Purchase and Sale agreement. The motion seeks discovery that is reasonably calculated to lead to discovery of admissible information on issues of waiver and estoppel.

15. Plaintiff's motion to compel a response to Interrogatory No. 10 is granted. Plaintiff seeks to discovery the identities of other persons who obtained EPO from defendant, along with other related information. The discovery is relevant to plaintiff's breach of contract claim or is reasonably calculated to lead to discovery of admissible information on issues in this case. Defendant is not required to provide identities and information relating to the therapeutic

market only.

16. Plaintiff's motion to compel a response to Interrogatory No. 11 is granted. Interrogatory No. 11 asks for information regarding the EPO invoices for which defendant now demands payment. Defendant shall provide a full and complete response to this inquiry. Defendant shall prepare and produce a privilege log with respect to any written communications which may be withheld on the basis of privilege.

17. Plaintiff's motion to compel a response to Interrogatory No. 14 is granted. Defendant shall identify persons known to have sold or offered EPO for research or diagnostic purposes. The discovery is relevant to breach of contract claims.

18. Plaintiff's motion to compel a response to Interrogatory No. 15 is granted. Defendant shall identify any third parties from whom it has accepted EPO as a product return. The discovery is relevant to claims that have been asserted in this action.

Dated: 3/21/01

Arthur J. Boylan
United States Magistrate Judge

**MEMORANDUM**

The arguments on the scope of discovery in this case are, unsurprisingly, a direct reflection of each party's view of the merits of various claims. Defendant Amgen characterizes the case as a relatively straightforward action for payment pursuant to a sales invoice. Plaintiff, undoubtedly prompted by the magnitude of the billing, asserts various legal objections to

Amgen's damages claim, including breach of contract, waiver, and estoppel. Under circumstances such that Amgen issued somewhat delayed invoices in the total amount of $27.9 million for a product which had been previously provided for several years on significantly less financially onerous terms, the Court finds that plaintiff's requested discovery appears reasonably calculated to lead to discovery of admissible evidence and is generally justified. The Court's Order should not be construed to require production and responses to the extent that defendant has already complied and has asserted such compliance. However, privilege logs should be prepared identifying all documents, in any category of discovery, which may otherwise be responsive to a request but are not disclosed on the basis of privilege.