**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

---

TECHNE CORPORATION and
RESEARCH AND DIAGNOSTIC SYSTEMS, INC.,

Plaintiffs,

Civil No. 00-2157 DWF/AJB

v.

AMGEN INC.,

Defendant.

**ORDER**

---

This matter came before the Court on Defendant/Counter claimant's Motion to Compel Discovery. Based on the file, affidavits, memoranda and arguments of counsel,

**IT IS HEREBY ORDERED THAT:**

1. The Motion to Compel Discovery is **granted in part and denied in part as stated herein** [Docket No. 26];
2. Plaintiffs need not answer Requests for Production numbered 4 and 5;
3. With respect to Interrogatories numbered 2-7, Plaintiffs need not attempt to determine the person who is "most knowledgeable," but shall determine–not necessarily using seniority, but by conducting a good faith and reasonable inquiry–the person(s) having a greater amount of information than others on the identified subjects;
4. Plaintiffs shall answer Interrogatory numbered 9.

Dated: 4/24/01

Arthur J. Boylan
United States Magistrate Judge

FILED APR 24 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD ________
DEPUTY CLERK ________

**MEMORANDUM**

Requests for Production numbered 4 and 5 seek documents disclosing Plaintiffs' customer information and customer communications. Defendant claims to seek this material "to determine whether [P]laintiffs have sold EPO into [Defendant]'s exclusive therapeutic market in violation of the parties' agreement." However, this fact is clearly not relevant to either the claims or the defenses asserted by the parties. Alternatively, Defendant contends that the customer information is relevant in light of Plaintiffs' damages allegations. However, Defendant provides little explanation, and points to Exhibit H of Belinda Lee's affidavit, which does not exist. Defendant's alternative argument is wholly undeveloped and provides no guidance.

Interrogatory numbered 9 seeks information regarding the persons who have been interviewed by Plaintiffs. Plaintiffs contend that this request implicates the work-product doctrine. The work-product doctrine, which is expressed in FED. R. CIV. P. 26(b)(3), is intended to prevent unwarranted discovery of *documents and tangible things* prepared in anticipation of litigation. Simon v. G.D. Searle & Co., 816 F.2d 397, 400 (8th Cir. 1987) (emphasis added). It is true that notes, memoranda, and personal recollections from interviews, which were conducted in anticipation of litigation, are protected work product. Baker v. General Motors Corp., 209 F.3d 1051, 1054 (8th Cir. 2000). However, the Court concludes that the names of the persons which were interviewed do not fall within the work-product doctrine. Plaintiffs cite several cases from other jurisdictions which support their position, but the Court finds that these cases represent examples of courts allowing the work-product doctrine to drift from the policy considerations anchoring the doctrine itself.

Interrogatories numbered 2-7 seek the person(s) being "most knowledgeable" about certain subjects. Defendant cites two cases in support of its position. However, these cases did not directly address the propriety of requiring a party to determine who, among a group of knowledgeable people, was the "most knowledgeable." The Court concludes that, on the one hand, it is unreasonable to ask Plaintiffs to ferret out the "most knowledgeable" person, but on the other, it is not unreasonable to ask Plaintiffs to conduct a good faith and reasonable inquiry as to the person(s) having a greater amount of information than others on the identified subjects.