**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

---

TECHNE CORPORATION and
RESEARCH AND DIAGNOSTIC SYSTEMS, INC.,

Plaintiffs,

v.

AMGEN INC.,

Defendant.

Civil No. 00-2157 DWF/AJB

**ORDER**

---

This matter came before the Court on Plaintiffs' motion to compel discovery. Based on the file, affidavits, memoranda and arguments of counsel, IT IS HEREBY ORDERED THAT:

1. Plaintiffs' motion is granted in part, denied in part and dismissed without prejudice in part [Docket No. 15];
2. On or before October 1, 2001, Defendant shall produce the contents of its CDEF database, to the extent that the contents relate to Plaintiffs;
3. To the extent that it seeks documents described in Ms. Pohl's deposition, Plaintiffs' motion is moot and is therefore dismissed without prejudice;
4. The remainder of Plaintiffs' motion is denied.

Dated: 9/14/01

Arthur J. Boylan
United States Magistrate Judge

FILED SEP 17 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

## MEMORANDUM

### A. Ernst & Young

In July 2001, Plaintiffs served a subpoena *duces tecum* upon Ernst & Young, Defendant's auditors and advisors. Several documents produced by Ernst & Young were redacted per Defendant's direction. The grounds for redacting the documents were a claim of attorney-client privilege. Now, Plaintiffs ask this Court to order Defendant to direct Ernst & Young to produce non-redacted versions of the documents. The Court declines for lack of jurisdiction.

It is arguable that the at-issue documents are within the control of Defendant by virtue of its relationship with Ernst & Young.[1] Therefore, if the at-issue documents are covered by a discovery request, and if Plaintiffs were before the Court presenting a typical motion to compel, the Court *might* be inclined, by virtue of its inherent powers, to order Ernst & Young to produce non-redacted versions of the documents (assuming the Court agreed with Plaintiffs regarding the nonexistence of an attorney-client privilege). However, Plaintiffs are before the Court asking for the enforcement of a subpoena issued by the Southern District of New York. This Court has no jurisdiction to do so, unless the Southern District of New York, in its discretion, remits the matter to this Court. *In re* Digital Equip. Corp., 949 F.2d 228, 230-31 (8th Cir. 1991).

Plaintiffs also ask the Court to bar Defendant from objecting to the deposition of Ernst & Young partner, Abdul Lakhani. There is no basis for this request. Mr. Lakhani is a nonparty and must be subpoenaed for a deposition. If Plaintiffs subpoena Mr. Lakhani, Defendant may object if it claims a personal right or privilege regarding the information sought. Minnesota Sch. Bd.

[1] The Court is not making any conclusions in this regard.

Ass'n Ins. Trust v. Employers Ins. Co. of Wausau, 183 F.R.D. 627, 629 (N.D. Ill. 1999); New Park Entm't L.L.C. v. Elec. Factory Concerts, Inc., No. Civ.A. 98-775, 2000 WL 62315, at *4 (E.D. Pa. Jan. 13, 2000); Chem. Bank v. Dana, 149 F.R.D. 11, 13 (D. Conn. 1993). In addition, any objections that Defendant makes during the deposition of Mr. Lakhani should be directed to the court which issues the subpoena, unless that court, in its discretion, remits the matter to this Court. *In re* Digital Equip. Corp., 949 F.2d 228 at 231.

The Court realizes that the subpoena of the at-issue documents, and the subpoena for Mr. Lakhani, will issue from two different courts. Therefore, it is possible that there could be conflicting rulings with respect to the alleged attorney-client privilege. Therefore, as intimated above, it may be advisable to ask the respective courts to remit the above matters to this Court.

**B. Deposition of Kathryn Leslie**

Plaintiffs have taken the deposition of Kathryn Leslie, a former employee of Defendant. Ms. Leslie testified that, while in Defendant's employ, she was responsible for authorizing shipments. Plaintiffs ask the Court to order Defendant to produce Ms. Leslie for an additional deposition. There is no dispute that Ms. Leslie is a *former* employee of Defendant and is no longer under Defendant's control. Therefore, Ms. Leslie must be subpoenaed.

Plaintiffs also ask the Court to bar Defendant from objecting to Ms. Leslie's deposition. As discussed above, there is no basis for this request. If Plaintiffs subpoena Ms. Leslie, Defendant may object if it claims a personal right or privilege regarding the information sought.

**C. CDEF Database**

During the deposition of Ms. Leslie, she testified that, in the process of approving shipments, she reviewed a database described as the "CDEF" database. According to Defendant,

the CDEF database is "an indexed listing of every contract [Defendant] has ever executed." Plaintiffs seek the production of the CDEF database.

Defendant first argues that the database does not fit into any of the discovery requests made by Plaintiffs. The Court disagrees. Plaintiffs' document request numbered seven seeks "documents that . . . relate to any request by [Plaintiff] R & D for EPO from August 1991 to the present." In addition, the term "documents," as defined by Plaintiffs' discovery requests, includes "all computer or other electronic media."

Next, Defendant argues that the database "is a changing electronic program, which does not exist in a static form, and no longer exists in the form in which Ms. Leslie consulted it four or five years ago." Importantly, Defendant does not contend that the database has been purged of all information relating to Plaintiffs. Instead, Defendant merely argues that the database has changed. The Court cannot say that the database, in its current form, is "[ir]relevant to the claim or defense of any party."

**D. Documents Described in Dawn Pohl's Deposition**

During the deposition of Dawn Pohl (one of Defendant's employees), Plaintiffs learned of certain documents, which they now seek. Defendant has represented that those documents have been produced. At this time, the Court has no reason to doubt Defendant's representation. Therefore, to the extent it seeks documents described in Ms. Pohl's deposition, Plaintiffs' motion is moot.

AJB

**Please forward this announcement to the recipient of this fax.**

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

---

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500