**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Techne Corporation and Research and Diagnostic Systems, Inc.,

Plaintiffs,

v.

Amgen Inc.,

Defendant.

Civil No. 00-2157 (DWF/AJB)

**ORDER**

---

Joseph T. Dixon, Esq., Henson & Efron, P.A., 400 Second Avenue South, Suite 1200, Minneapolis, Minnesota 55401, and Joseph W. Anthony, Esq. and Nathan P. Brenna, Esq., Anthony, Ostlund & Baer, 90 70th Street South, Minneapolis, Minnesota 55402, on behalf of Plaintiffs.

Robert A. Long, Esq., Latham & Watkins, 633 W. 5th Street, Suite 4000, Los Angeles, California 90071-2007, on behalf of Defendant.

---

**Introduction**

The above-entitled matter came before the undersigned United States District Judge, pursuant to Plaintiffs' request to file a motion for reconsideration of the Court's previous Memorandum Opinion and Order, filed January 7, 2002. In its January 7, 2002, Memorandum Opinion and Order, the Court found summary judgment for the Defendant to be appropriate, yet the Court stayed entry of its judgment for 30 days so that the parties could address, by letter brief if necessary, the amount of judgment to be entered. Neither party has submitted a letter brief to address the amount of judgment. Based upon the submissions of both parties, a thorough review of the record, and being otherwise duly advised in the premises, the Court respectfully issues the following:

FILED JAN 28 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD_______
DEPUTY CLERK_______

**ORDER**

1. That Plaintiff's Request for Reconsideration (Doc. No. 82) is **DENIED**.

Date: January 28, 2002

DONOVAN W. FRANK
Judge of United States District Court

**MEMORANDUM**

Pursuant to Local Rule 7.1(g) and Rule 60(b) of the Federal Rules of Civil Procedure, relief from judgment will be granted only upon a showing of compelling circumstances, such as new evidence or "any other reason justifying relief from the operation of judgment." Plaintiffs' arguments in support of reconsideration, however, provide no such compelling circumstances, but rather amount to re-arguments of the same issues already considered by this Court. The Court has thoroughly considered the evidence in the record and the relevant law governing the issues in this case. Indeed, the Court did not find the application of the law to the facts in this case to be a complicated exercise, and the Court declines to revisit issues it has already evaluated to a conclusion. However, in light of the fact that Defendant's Motion for Summary Judgment was indeed a partial motion for summary judgment, leaving unaddressed Plaintiff's claim for breach of contract, the Court is also issuing an amended order forthwith.

D.W.F.