**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

Techne Corporation and Research and Diagnostic Systems, Inc.,

Civil No. 00-2157 DWF/AJB

Plaintiff,

v.

**ORDER ON MOTION FOR RELIEF FROM DISPOSITIVE MOTION DEADLINE**

Amgen, Inc.,

Defendant.

This matter is before the Court, Magistrate Judge Arthur J. Boylan, 638 U.S. Courthouse, 316 No. Robert St., St. Paul MN 55101, on defendant Amgen's motion for relief from the Pretrial Scheduling Order's dispositive motion deadline. [Docket No. 90]. The matter is before the Court on written argument and without hearing. Plaintiff is represented by Joseph W. Anthony, Esq. Defendant is represented by Robert A. Long, Esq.

Based upon the file and documents contained therein, along with memorandums, exhibits and arguments of counsel, **IT IS HEREBY ORDERED** that defendant Amgen's motion for relief from the dispositive motion deadline is **denied**. [Docket No. 90].

Dated: 3/12/02

Arthur J. Boylan
United States Magistrate Judge

MAR 12 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

**MEMORANDUM**

The District Court has previously considered the claims and counterclaims in this matter on cross-motions for partial summary judgment and has thereby resolved all claims with the exception of a count for breach of contract that is contained in plaintiff's complaint. (Count III). On initial motion for partial summary judgment neither party moved for judgment on the breach of contract claim and the matter was therefore not directly considered by the District Court. Defendant now contends that in light of the District Court's decision and opinion on the previous motions for partial summary judgment, issues relating to the breach of contract claim have been effectively decided which would support a grant of summary judgment on the claim. Since the November 1, 2001, dispositive motion deadline has long passed, defendant essentially seeks permission to file another summary judgment motion. In opposition, plaintiff disputes defendant's characterization of the implications of the District Court's opinion on the previous motions for partial summary judgment; opposes defendant's effort to extend the deadline; and asserts that the parties should go to trial on the remaining claim. Plaintiff contends that defendant should be held accountable for its tactical decision not to move for summary judgment and has not shown good cause for the requested extension of time. Plaintiff further insists that multiple fact issues remain which preclude summary judgment.

The Court has serious reservations with regard to commencing trial on claims which arguably are amenable to summary judgment. Indeed, judicial economy is typically not well served by trying a matter which is pre-ordained to end in directed verdict or judgment notwithstanding the verdict. On the other hand, the Court does not favor the inefficiency of piecemeal dispositive motion practice and mandates showing of good cause for a party's failing

to act in a timely fashion. Meanwhile, with respect to the current motion for relief from the pretrial scheduling order, both parties have in some fashion encouraged the Court to focus on the merits of the ultimate issue and the likelihood that a motion for summary judgment would be granted or denied. While the Court is certainly accustomed to weighing the merits of a case in considering ancillary motions, the critical issue in this motion is whether defendants have shown good cause for modification of the pretrial scheduling order. Local Rule 16.3(a). The Court does not find that such a showing has been made in this instance, and in particular, does not find that plaintiff had good cause for failing to bring its proposed motion in a timely manner.