**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Techne Corporation and Research and Diagnostic Systems, Inc.,

Plaintiffs,

v.

Amgen Inc.,

Defendant.

Civil No. 00-2157 (DWF/AJB)

**ORDER**

---

Joseph T. Dixon, Esq. and Bruce C. Recher, Esq., Henson & Efron, P.A., 400 Second Avenue South, Suite 1200, Minneapolis, Minnesota 55402-4503, and Joseph W. Anthony, Esq. and Nathan P. Brenna, Esq., Anthony, Ostlund & Baer, 90 70th Street South, Minneapolis, Minnesota 55402, on behalf of Plaintiffs.

Douglas L. Skor, Esq. and Daniel L. Scott, Esq., Larson King L.L.P., 2800 Minnesota World Trade Center, 30 East Seventh Street, St. Paul, Minnesota 55101-4922, and Robert A. Long, Esq. and Belinda S. Lee, Esq., Latham & Watkins, 633 W. 5th Street, Suite 4000, Los Angeles, California 90071-2007, on behalf of Defendant.

---

**Introduction**

The above-entitled matter is currently before the undersigned United States District Judge, pursuant to Defendant Amgen Inc.'s Appeal of the Magistrate Judge's Order Denying Relief from the Dispositive Motion Deadline. Plaintiffs oppose Defendant's appeal, maintaining that Defendant has failed to establish good cause to justify the requested relief. The parties have requested a hearing on this matter. The Court must modify or set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law. *See* 28 U.S.C.

FILED APR 11 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

§ 636(b)(1)(A); Fed. R. Civ. P. 72(a); Local Rule 72.1(b)(2). This is an "extremely deferential standard." *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999).

Based upon the submissions of both parties, a thorough review of the record, and being otherwise duly advised in the premises, the Court denies the parties' request for a hearing and respectfully issues the following:

**ORDER**

1. That Magistrate Judge Boylan's March 12, 2002, Order (Doc. No. 96) is affirmed in all respects.

Date: April 11, 2002

DONOVAN W. FRANK
Judge of United States District Court

**MEMORANDUM**

On January 7, 2002, the Court issued a Memorandum Opinion and Order granting Defendant's motion for summary judgment and entering judgment against Plaintiffs in the amount of $27,961,078.95. The Court stayed entry of judgment for 30 days, however, allowing the parties to submit letter briefs to address the amount of judgment to be entered. In light of the letter briefs it then received, the Court amended its previous order by an Amended Order dated January 28, 2002, recognizing that judgment should not be entered because a single claim remained, Plaintiffs' Count III: Breach of Contract.

While simultaneously representing that it had made a conscious decision not to move for summary judgment on Plaintiffs' breach of contract claim, Defendant Amgen then requested the

Court to grant summary judgment *sua sponte*, maintaining that the analysis in the Court's Memorandum Opinion sufficiently addressed the issues necessary to dispense with the breach of contract claim. The Court declined to do so. As the Court stated previously, while certain issues relating to the parties' respective breach of contract claims were indeed overlapping, the Court's relevant analysis in its Memorandum Opinion was confined to the issue of whether Amgen had waived its rights under the contract, irrespective of whether it had also breached the agreement. As a result, the Court indicated that it would only consider summary judgment on the remaining claim if a proper motion was brought before the Court.

Because the deadline for dispositive motions had passed, Defendant's only resort was to request relief from the limits of the scheduling order. Such relief was denied by Magistrate Judge Boylan's March 12, 2002, Order for failure to establish good cause to explain why the proposed motion had not been filed in a timely manner. Defendant now appeals that order, contending that Plaintiffs have asserted only one clear basis for their breach of contract claim resulting in calculable damage to Plaintiffs, and as such Amgen is willing to concede the damage amount as an offset to the judgment on its breach of contract claim. In addition, Amgen maintains that the other three bases for breach of contract alleged by Plaintiffs were addressed by the Court's Memorandum Opinion and otherwise do not result in calculable damage to Plaintiffs.

Under Rule 16(b) of the Federal Rules of Civil Procedure, "[a] schedule shall not be modified except upon a showing of good cause." Fed. R. Civ. P. 16(b). The "good cause" standard contemplates a showing that the schedule "cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16(b) advisory committee's note. The Court agrees with Magistrate Judge Boylan that Amgen has failed to meet that burden.

Amgen represented that it "opted" not to move for summary judgment on Plaintiffs' breach of contract claim because it was "collateral" and "financially insignificant." To claim that such bases establish good cause rings hollow with the Court, especially in light of Defendant's earlier request for summary judgment *sua sponte* in light of the Court's Memorandum Opinion and Order. Whether Defendant made a tactical decision not to bring the motion or inadvertently failed to move for summary judgment on Plaintiffs' breach of contract claim, neither basis establishes the requisite good cause for failing to file the motion.

Defendant contends that the only issues remaining for trial are those that have been previously resolved by the Court or can be disposed of by Defendant's willingness to concede and offset the damages relating to Amgen's alleged failure to protect Plaintiff's exclusive rights, particularly with respect to Genzyme, a competitor of Plaintiff R&D. To argue again that issues relating to Plaintiffs' breach of contract claim have already been resolved ignores the Court's repeated explanation that to the extent that certain overlapping issues may have been considered, they were confined to the issues of waiver. Indeed, the Court and apparently the parties had overlooked the one remaining claim. Even Amgen, by its willingness to concede, appears to recognize that the finding of a breach by one party does not necessarily preclude the finding of a breach by the other party. While the Court notes that Plaintiffs' breach of contract claim may not be the most carefully plead and that any resulting damages may be difficult to prove, such factors still do not explain why Defendant failed to move for summary judgment on the claim that now remains. The allegations and information upon which Defendant now relies were fully available to support such arguments at the time its first motion for summary judgment was filed. Amgen has failed to show that, despite its diligence, it was unable to file the current motion in a timely

manner, and as such, it cannot meet the "good cause" standard necessary to obtain its requested relief.

In conclusion, the Court finds that Magistrate Judge Boylan's March 12, 2002, Order was neither clearly erroneous nor contrary to law; and as such, the Court affirms the March 12, 2002, Order.

D.W.F.